John **STENGER**, et al.,
Petitioners, Appellants,

v.

**STATE** of Minnesota, et al.,
Respondents.

No. CX–89–1393.

Court of Appeals of Minnesota.

Dec. 26, 1989.

Review Denied Feb. 28, 1990.

Paul H. Tanis, Jr., Mackenzie, Gustafson, Lucas & Riley, Ltd., St. Peter, for appellants.

Hubert H. Humphrey, III, Atty. Gen., A.W. Clapp, III, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Heard, considered and decided by FOLEY, P.J., and KALITOWSKI and STONE *, JJ.

## OPINION

KALITOWSKI, Judge.

Appellants John and Elizabeth Stenger appeal from summary judgment which denied a writ of mandamus to allow an inverse condemnation action. Respondents' motion, which requested dismissal of appellants' petition for failure to state a claim upon which relief could be granted, was treated by all parties as one for summary judgment in accordance with Minn.R.Civ. Proc. 12.02 (1988).

## FACTS

Appellants purchased property on Lake Washington in Le Sueur County in 1976. They intended to build a permanent retirement home on the property. In 1983 the Department of Natural Resources (DNR) began discussions with local officials to find an area for a public water access site. Public comment on the addition of a new access was invited in the spring of 1984. Appellants wrote a letter to the DNR on June 22, 1984, expressing their concern with the location of the proposed public access next to their property. Appellants claimed in their letter that the access site would have an adverse impact on the valuation and privacy of the property. The access site was acquired through a condemnation action which was completed on December 12, 1984. The public access opened on May 27, 1986. Following the condemnation action, appellants listed their undeveloped property for sale and the property was eventually sold on a contract for deed on December 1, 1986.

## ISSUE

Did the trial court err in granting summary judgment for the state on appellants' action for inverse condemnation?

## ANALYSIS

An appellate court will review an order for summary judgment to determine if there are any issues of material fact and whether the trial court erred in its application of the law. *Offerdahl v. University of Minnesota Hospitals & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). Where there is any doubt as to the existence of an issue of material fact, the doubt must be resolved in favor of finding that an issue of fact exists. *Harvet v. Unity Medical Center, Inc.*, 428 N.W.2d 574, 578 (Minn.Ct. App.1988).

Actions for inverse condemnation must be brought through an action in mandamus. *Thomsen v. State*, 284 Minn. 468, 474, 170 N.W.2d 575, 580 (1969). Appellants must show harm which is "direct, substantial, and peculiar to them in that it differs markedly from the damage suffered by the public at large." *Alevizos v. Metropolitan Airports Commission*, 298 Minn. 471, 485, 216 N.W.2d 651, 661 (1974) (Alevizos I). Where there is no actual damage to the property, the property owner must show a direct and substantial invasion of property rights which results in a definite and measurable diminution of the market value of the property. *Id.* at 487, 216

---

\* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

N.W.2d at 662. The invasion of property rights must be repeated and aggravated and of such magnitude so as to deprive the owner of the practical enjoyment of the property. *Id.* at 487–88, 216 N.W.2d at 662. We find that these standards appropriately govern inverse condemnation actions relating to property adjacent to public water access sites.

The property owner challenging the government's action has the burden of proving an unconstitutional taking or damage to the property. *State by Powderly v. Erickson,* 285 N.W.2d 84, 90 (Minn.1979). The question of whether a taking has occurred is a question of law. *Fitger Brewing Co. v. State,* 416 N.W.2d 200, 205 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Feb. 23, 1988), *cert. denied,* — U.S. ——, 109 S.Ct. 61, 102 L.Ed.2d 39 (1988). Appellants allege that their property has substantially decreased in value due to the increased traffic on roads near the access site, increased use of the lake, and invasion of noise and vibration. The basis of appellants' complaint is that they had purchased the property intending to build a retirement home. This intent would be frustrated if more people used the lake and surrounding area and disturbed the serenity of the property.

Appellants must substantiate their claim of diminution of property value with more than anecdotal evidence. The supreme court has set forth the evidence which is necessary to support such a claim:

> [A]n opinion on diminution, to be persuasive to the trier of fact, should ordinarily be substantiated by some kind of market studies or other documentation. Mere assertions are not enough. This is particularly so where, as we said in *Alevizos I,* the subjective discomfort or inconvenience of the landowner does not, by itself, prove any loss in market value of the land.

*Alevizos v. Metropolitan Airports Commission,* 317 N.W.2d 352, 359 (Minn.1982) (Alevizos II).

Appellants did not prove that construction of a public water access site on neighboring property caused a diminution in the market value of their property. Further, appellants, who never resided on the property, did not show the unique circumstances required to prove an unconstitutional taking.

## DECISION

In an inverse condemnation action asserted by an owner of property adjacent to a public water access site, where there is no evidence of unique circumstances nor an invasion of property interests of such magnitude to deprive the owner of the practical enjoyment of the property and cause a diminution of the property value, summary judgment is appropriate.

Affirmed.